SCHEB, Acting Chief Judge.
The marriage between the appellant and the appellee was dissolved in 1985. The parties have one daughter born in 1982. Appellant sought to modify an order granting him six weeks of summer visitation with his daughter. The trial court granted the appellant eight weeks of visitation, beginning in the summer of 1989. On appeal he argues that the trial court abused its discretion by not modifying the visitation privileges to allow him a minimum of ten weeks during the summer. We find no abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). However, the court also imposed the following requirement:
3. All future requests for modification made by Husband shall be accompanied by a deposit with the Clerk of the Circuit Court of an amount sufficient to cover Wife’s transportation costs to and from her home and Polk County, plus any fee required by the Clerk for depositing such funds.
Although both appellant and appellee have been contentious with regard to visitation rights, we find no history of frivolous actions for modification by the appellant. Should such occur in the future, the court can deal with the situation at that time. On the stated record before us, the requirement for advance deposit, particularly in view of the appellant’s financial circumstances, may deprive him of his right of access to the courts guaranteed by section 21 of the Declaration of Rights in Article I of the Florida Constitution.
We delete paragraph 3 of the Order Modifying Summer Visitation of December 28,
1987. As amended, the trial court’s order is affirmed.
HALL and PARKER, JJ., concur.